IN THE SUPERIOR COURT OF GUAM

VICTOR M. REYES,

   Plaintiff,

  vs.

DIANA M. REYES,

   Defendant.

DOMESTIC CASE NO. DM0468-07

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on March 15, 2013. Attorney Joaquin C. Arriola Jr. represented Plaintiff, who was present. Attorney Delia Lujan Wolf represented Defendant, who was present. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiff requests that this Court either amend its Findings of Fact and Conclusions of Law filed June 28, 2012 or grant a new trial. In the procedural history of this case, this Court has heard a bench trial and issued an interlocutory decree of divorce while resolving the marital assets and liabilities. The Court now addresses Plaintiff's Motion.

## DISCUSSION

As Plaintiff requests amendment and in the alternative a new trial, the Court will provide the standard for granting such requests before discussing the merits.

### I. Standard

Rule 60 of the Guam Rules of Civil Procedure provides:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected

before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. (2010).

Rule 59 of the GRCP provides:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues

(1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Guam; and

(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Guam.

On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. (2010).

As a motion to amend is essentially a request for reconsideration, the following is also helpful. There are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in

controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted); *See also People v. Haulde*, 1999 Guam 3.

## II. Merits for Plaintiff's Motion

Plaintiff's main arguments are that distribution of the community property was unequal in the June 28, 2012 Findings of Fact and Conclusions of Law and that the Court was without authority to distribute the shares of Heli-Guam Inc.. Plaintiff does not appear to contest the Courts findings regarding the date of separation and the grounds for divorce.

Defendant argues that no authority will grant the Plaintiff amendment as there was no mistake of law or fact. Defendant also contends that there is no new evidence that would warrant a new trial or amendment as nothing has changed in the law or the facts.

As the discussion applies to Heli-Guam Inc. shares, the Court finds no error as the Court did have the authority to distribute the Corporation shares. The Court must distribute all community property and debt before closing a domestic divorce case. In Plaintiff's own Complaint for Divorce on the second page, he specifies that Heli-Guam Inc. shares are community property. In essence, it was Plaintiff that requested this Court to distribute the "shares and interest in Heli-Guam Inc." by classifying it as a community property. The Court does agree with Plaintiff about the dissolution of a corporation being reserved for certain Courts designed for such issues. Yet, this Court has near ultimate discretion in awarding distribution of marital assets as long as that distribution is equal. Plaintiff provides no authority that expresses a limitation of a court in divorce proceedings to distribute community property shares of a corporation. Most importantly, the Court did not dissolve Heli-Guam Inc. in its earlier findings, it merely distributed what was community property. The Court agrees with Plaintiff that dissolution of Heli-Guam Inc. may occur before a proper court in the future, but that does not mean this Court was limited in assigning the appropriate community property portion of the shares on June 28, 2012.

Furthermore, if any error did exist, the Court finds any error harmless as Heli-Guam Inc. had no or minimal value at the time the Court issued its earlier findings. *See* Testimony of Plaintiff at bench Trial. While the assets that once belonged to Heli-Guam Inc. had value, they

were converted to Plaintiff's current business venture prior to the Court's earlier findings. Additionally, the Court already awarded Defendant a reimbursement for her share of the Plaintiff's current business and there is no significant value remaining in Heli-Guam Inc. currently.

As the discussion applies to the equality of distribution, the Court extensively reviewed and gave great consideration to the record due to the sheer volume of assets and liabilities in this case. The Court will admit that it had difficulty valuing the complex and voluminous marital property. Yet, a trial court must be granted leeway in distribution of marital assets where the record and exhibits do little to provide accurate and exact valuations. A trial court maintains great discretion as long as the total distribution is generally equal. In this case, the Parties provided near opposite valuations of almost all property. For example, Plaintiff argues that his current income is hardly enough to survive on while Defendant claimed that Plaintiff earned hundreds of thousands annually based on multimillion dollar contracts. This Court correctly accepted the values provided, as exhibits at trial by Defendant, based on the existence of the actual contracts Plaintiff maintains and a lack of satisfactory evidence to contradict such a large income.[1] In sum, the Court's earlier findings were fair and the distribution was equal based on the totality of marital property distributed amongst the Parties.

Based on the standard discussed above, the Court is unable to grant a new trial or amendment of its earlier findings without some showing of grounds to do so under Rule 60. There is no fraud alleged that either Party fully misrepresented to the Court the details of the marital property. The Court did not make clerical errors or any mistake that could warrant amendment. The prior judgment was also not void or satisfied. Additionally, there was no new evidence unavailable at the time of bench trial and no change in law that would allow the Court to reconsider its prior ruling. The only ground the Court believes potentially actionable based on Plaintiff's Motion is manifest injustice or some other justice based reason under Rule 60(b)(6).

---

[1] At bench trial, Plaintiff did not present the Court adequate evidence that his extraordinary income equated to a barely livable wage after expenses. The Court does appreciate that Plaintiff has costs and loans that must be paid before his salary realizes true profit, yet, the roughly $2,000.00 a month claimed by Plaintiff hardly seems realistic.

The Court concludes that its Findings of Fact and Conclusions of Law were manifestly just and the Court believes that the total distribution was equal. There is no reason based on notions of fairness, justice or some other rationale that would allow or suggest to this Court that it should amend its June 28, 2012 Findings of Fact and Conclusions of Law. If Plaintiff is unable to make monthly payments on spousal support or towards the reimbursement owed to Defendant, the Court believes a motion to lessen spousal support based on Plaintiff's current income or hardship would be a more appropriate avenue.

The Court reviewed its June 28, 2012 Findings of Fact and Conclusions of Law in detail and finds that the total distribution was equal based on its valuation of all assets and liabilities.

**CONCLUSION**

The Court hereby DENIES Plaintiff's Motion.

So ORDERED this 28th day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the Office of the
Clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

MAR 2 8 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam

*Victor M. Reyes v. Diana M. Reyes,*
Decision and Order
Domestic Case No. DM0468-07                    - Page 5 of 5 -